IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CHARLES S. GROSS, :
 :
    Petitioner :
 : CIVIL NO. 1:10-CV-0060
 :
v. : Hon. John E. Jones III
 :
 :
T.R. SNIEZEK, :
 :
    Respondent :

## **MEMORANDUM**

May 21, 2010

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

Petitioner Charles Gross ("Petitioner" or "Gross"), an inmate presently confined at the Federal Correctional Institution - Schuylkill ("FCI-Schuykill") in Minersville, Pennsylvania, initiated the above action *pro se* by filing a document entitled "Supplement in Support of Motion Pursuant to § 2241" (Doc. 1) which appeared to be a supplement to a petition he believed he already had filed. By Order dated January 27, 2010, Petitioner was directed to file his original petition. (Doc. 5.) On January 28, 2010, Gross filed his Petition for Writ of Habeas Corpus ("Petition") under the provisions of 28 U.S.C. § 2241 (Doc. 6), a Memorandum of Law (Doc. 7), and again filed his Supplement to the Petition (Doc. 8). By Order dated March 19,

2010, service of the Petition, Memorandum of Law, and Supplement was directed, and Respondent was directed to file a response within twenty-one (21) days. (Doc. 12.) On April 6, 2010, Respondent filed a Response (Doc. 13) and supporting materials (Docs. 13-2, 13-3). Petitioner filed his Reply Brief (Doc. 14) on April 20, 2010. Accordingly, the Petition is ripe for review. For the reasons set forth below, the Petition will be dismissed.

**I.      FACTUAL BACKGROUND**

On June 23, 2008, Gross was sentenced in the United States District Court for the District of Maryland to 188 months imprisonment following his entry of a guilty plea to one count of Conspiracy to Distribute and Possess with Intent to Distribute more than Fifty Grams of Cocaine Base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846 (2006). (*USA v. Gross*, Criminal No. 8:05-CR-0441 (D. Md.), Doc. 13-2 at 3.)

On July 10, 2008, Gross challenged his conviction by filing a direct appeal to the Fourth Circuit Court of Appeals. (*USA v. Gross*, No. 08-4716 (4th Cir.), Doc. 13-2 at 8.) In his brief on appeal, Gross stated that there were no meritorious issues for appeal, but questioned whether his sentence was reasonable. *See United States v. Gross*, 306 Fed. Appx. 819 (4th Cir. 2009). (Doc. 13-3 at 1.) Upon review, the Fourth Circuit Court of Appeals concluded that Gross' sentence was reasonable and affirmed

the judgment of the District Court. (*See id.*)

On January 11, 2010, Gross filed the instant Petition in which he alleges that he was unconstitutionally convicted in the State of Maryland, that the conviction resulted in a determination that he is a career offender, and that the federal sentence he currently is serving was improperly enhanced as a result of this determination. (*See* Doc. 6 at 3-4, 6.) He alleges that the "components" of his challenge "go[ ] beyond 2255, therefore 2241 would be a more effective vehicle to address all the issues to avoid a miscarriage of justice." (*See id.* at 6.) As relief, he asks this Court to disregard his prior state conviction and recalculate the federal sentence he currently is serving such that it is not enhanced as a result of his prior conviction. (*See* Doc. 14, Reply Brief, at 47.)

## II. DISCUSSION

Respondent argues that neither Petitioner's challenge to his conviction in the State of Maryland nor his challenge to the calculation of his federal sentence is properly before this Court in a petition filed under the provisions of 28 U.S.C. § 2241. (*See* Doc. 13.) In his Reply Brief, Gross claims that he is not challenging his federal sentence, but rather is challenging his prior conviction in the State of Maryland on the basis that it was obtained in violation of the Sixth and Fourteenth Amendments to the United States Constitution. (*See* Doc. 14 at 3.)

Gross may not challenge his state sentence or federal sentence through a § 2241 petition. With respect to Gross' attempt to challenge his conviction in the State of Maryland that resulted in his classification as a career offender and the enhancement of his current federal sentence, the proper method for Gross to have challenged that conviction would have been by filing a direct appeal or petition for collateral relief in the appropriate state courts in Maryland. After pursuing those state remedies, it would have been proper for Gross to pursue federal review of his claim that his conviction was obtained in violation of the Constitution through a petition for writ of habeas corpus filed under the provisions of 28 U.S.C. § 2254. *See* 28 U.S.C. § 2254(a); *Estelle v. McGuire,* 502 U.S. 62, 67-68 (1991); *see also Pulley v. Harris,* 465 U.S. 37, 41 (1984); *Johnson v. Rosemeyer,* 117 F.3d 104 (3d Cir. 1997).

Gross claims that he is not challenging the federal sentence he currently is serving. (*See* Doc. 14 at 3.) However, to the extent he argues that his current federal sentence should have been calculated without regard to his prior state conviction, and requests that this Court perform a recalculation of his sentence (*see id.* at 47), we construe his claim as a challenge to the validity of the sentence imposed by the United States District Court for the District of Maryland. Ordinarily, when challenging the validity of a conviction and sentence, a federal prisoner is limited to filing a motion pursuant to § 2255. *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir.2002).

However, as § 2255 itself provides, a challenge can be brought under § 2241 if it "appears that the remedy by [a section 2255] motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); *In re Dorsainvil*, 119 F.3d 245, 249 (3d Cir. 1997). "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." *Cradle v. United States*, 290 F.3d 536, 538 (3d Cir. 2002). "Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." *Id.* at 539. Rather, the "safety valve" provided under § 2255 is extremely narrow and has only been applied in unusual situations, such as those in which a prisoner has had no prior opportunity to challenge his conviction for conduct later deemed to be noncriminal by a change in law. *Okereke*, 307 F.3d at 120 (citing *In re Dorsainvil*, 119 F.3d at 251). If a defendant improperly challenges his federal conviction or sentence under § 2241, the petition must be dismissed for lack of jurisdiction. *Application of Galante*, 437 F.2d 1164, 1165 (3d Cir. 1971); *Hill v. Williamson*, 223 Fed. Appx. 179, 180 (3d Cir. 2007).

Applying these principles in the instant case, we observe that Gross already challenged his federal conviction through a direct appeal to the Fourth Circuit Court of Appeals, and the sentence was affirmed. *See Gross*, 306 Fed. Appx. 819. (Doc. 13-

5

3.) Gross acknowledges in his Reply Brief that a petitioner must show that § 2255 is "inadequate or ineffective" in order to pursue his claims under § 2241, but submits that it is well known that courts often use their authority to "re-interpret or misinterpret" the intent of Congress, and suggests that, in light of his *pro se* status, this Court should liberally construe his claims and review them in the interest of affording him due process of law. (*See* Doc. 14 at 9-12.)

Although this Court is mindful of Gross' *pro se* status, as exhibited by the fact that he was given time to submit an actual petition after this action was commenced without one, we cannot ignore jurisdictional requirements. Gross exhibits an understanding of the distinction between sections 2241 and 2255, as demonstrated by his quotation of their provisions *in toto* in his Reply Brief. (*See* Doc. 14 at 5-9.) Gross asserts in his Petition that his claims go "beyond" § 2255, but does not explain why he did not attempt to pursue his claims through a motion filed under that section, or how that section would be inadequate or ineffective to pursue his claims. To allow Gross to pursue his claims through the instant Petition filed under the provisions of § 2241 absent such a showing would eviscerate Congress' intent in amending § 2255. *See Dorsainvil*, 119 F.3d at 251. Consequently, we must dismiss Gross' Petition for lack of jurisdiction. *See Application of Galante*, 437 F.2d at 1165; *Hill*, 223 Fed. Appx. at 180. An appropriate Order will enter.